**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

BILLY WHITE, et al.,                       )
                                           )
                 Plaintiffs,               )
                                           )
        vs.                                )        No. 4:10-CV-2094 CAS
                                           )
BAC HOME LOANS SERVICING, L.P., et al.,    )
                                           )
                 Defendants.               )

## MEMORANDUM AND ORDER

On September 13, 2010, plaintiffs Billy and Linda White filed a petition in the Circuit Court

of Franklin County, Missouri.  Plaintiffs allege claims of wrongful foreclosure, quiet title, violation

of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., negligence, fraud,

and willful, wanton, and malicious conduct against defendants BAC Home Loans Servicing, LP

("BAC"), Federal National Mortgage Association d/b/a Fannie Mae ("Fannie Mae"), and Kozeny

& McCubbin, L.C. ("Kozeny").[1]  On November 5, 2010, defendants BAC and Fannie Mae filed a

notice of removal, in which they state that the action is removable to this Court pursuant to 28

U.S.C. § 1441(b) because a federal question (under the FDCPA) is present, and that the Court has

supplemental jurisdiction over plaintiffs' state-law claims of wrongful foreclosure, quiet title,

negligence, fraud, and willful, wanton, and malicious conduct.

---

[1]On April 5, 2011, plaintiffs voluntarily dismissed their claims against defendant Kozeny, rendering
moot Kozeny's motion to dismiss.

Now before the Court is defendants BAC and Fannie Mae's motion to dismiss. Plaintiffs oppose defendants' motion, and defendants have filed a reply. For the following reasons, the Court will grant defendants' motion.

## I. Standard of Review

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). A pleading that offers labels, conclusions, a formulaic recitation of elements, or naked assertions devoid of factual enhancement does not suffice. Iqbal, 129 S. Ct. at 1949.

Rule 9(b) requires that an allegation of fraud "state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). "Under Rule 9(b), a plaintiff must plead 'such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.'" BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) (quoting Abels v. Farmers Commodities Corp., 259 F.3d 910, 920 (8th Cir. 2001)). "The level of particularity required depends on, inter alia, the nature of the case and the relationship between the parties." Id. (citing Payne v. United States, 247 F.2d 481, 486 (8th Cir. 1957)).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949. A claim has facial plausibility when the alleged facts allow a court to draw the

reasonable inference that the defendant is liable for the misconduct alleged. Id. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. When a complaint contains well-pleaded factual allegations, a court should assume the well-pleaded facts are true and then determine whether they plausibly entitle the plaintiff to relief. Id. at 1949-50. Only well-pleaded facts are accepted as true, while "[t]hreadbare recitals of the elements of a cause of action" and legal conclusions are not. Id. at 1949. "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations." Id. at 1950. When a complaint contains well-pleaded factual allegations, a court should determine whether they plausibly entitle the plaintiff to relief. Id. If the well-pleaded facts do not plausibly entitle the plaintiff to relief, the claim should be dismissed. Id.

Generally, the Court must ignore materials that are outside of the pleadings; however, the Court may "consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)); see also 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 3d § 1357, at 376 (2004) (opining that a trial court may consider "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint"). "The district court may take judicial notice of public records and may thus consider them on a motion to dismiss." Stahl v. U.S. Dept. of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003) (citing Faibisch v. Univ. of Minn., 304 F.3d 797, 802-03 (8th Cir. 2002)).

## II.    Plaintiffs' Petition

In their petition, plaintiffs allege that on March 31, 2006, they entered into a promissory note with Countrywide Home Loans, Inc., which is secured by a deed of trust on property located in Franklin County, Missouri.  Doc. #5, ¶¶ 5-9.  Plaintiffs allege that the deed of trust lists Countrywide Home Loans, Inc. as the lender, M, L&L Foreclosure Services, Inc. as the trustee, and  Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary.  Id. ¶ 7.

Plaintiffs allege that on August 6, 2010, a document entitled "Assignment of Deed of Trust" was filed with the Franklin County Recorder of Deeds, wherein MERS purported to assign and transfer to defendant BAC all its right, title, and interest in and to the mortgage executed by plaintiffs.  Id. ¶ 11.  Plaintiffs allege that this assignment was prepared by defendant Kozeny.  Id. ¶ 12.  Plaintiffs allege that, because MERS had no interest in the note, the assignment is null and void and transfers no interest in the deed of trust executed by plaintiffs.  Id. ¶ 14.  Alternatively, plaintiffs allege that if the assignment validly transferred the deed of trust, the deed of trust was separated from the note, the deed of trust is without force and effect, and the note became unsecured. Id. ¶ 15.  Plaintiffs allege that on December 31, 2009, Jerry Morgan, as purported attorney-in-fact of defendant BAC, filed an "Appointment of Successor Trustee" with the Franklin County Recorder of Deeds which named defendant Kozeny as successor trustee.  Id. ¶ 18.  Plaintiffs allege that Morgan had no authority to act on behalf of defendant BAC, and therefore the successor trustee appointment was and is null and void.  Id. ¶¶ 19-20.

Plaintiffs allege that on December 30 and 31, 2009, and January 12 and July 28, 2010, defendant BAC, through defendant Kozeny, contacted plaintiffs by letters sent by the United States Postal Service ("Kozeny Letters") which indicated or implied that: (1) defendant BAC was the

holder of the note; (2) nonpayment of the debt would result in a trustee foreclosure sale of plaintiffs'

property; (3) defendant Kozeny was foreclosing on the note, which would result in the sale of

plaintiffs' property; and (4) plaintiffs owed attorney's fees, collection costs, and other charges to

defendant Kozeny.  Id. ¶¶ 40-42.  Plaintiffs allege that on or about August 19, 2010, defendant

Kozeny purported to conduct a trustee's sale of the property, and executed a trustee's deed

transferring title of the property to defendant Fannie Mae.  Id. ¶ 24.

Plaintiffs allege that at the time defendant BAC attempted to appoint defendant Kozeny as

successor trustee (such attempt allegedly "made in [defendant] BAC's position as successor to

Countrywide, L.P., not in any position on behalf of Countrywide, Inc."), it had no right to make such

an appointment, as defendant BAC was not the original lender, the holder of the note, a nonholder

in possession of the note who has the rights of the holder, or a person in possession of the note "who

is entitled to enforce the instrument pursuant to Section 400.3-309 or 400.3-418(d), of the [n]ote."[2]

Id. ¶¶ 21-22.[3]  Plaintiffs further allege that defendant Kozeny knew or should have known that

defendant BAC had no authority to appoint it as successor trustee.  Id. ¶ 45.  Plaintiffs allege that,

because defendants BAC and Kozeny were without any authority to conduct a trustee foreclosure

sale (as the successor trustee appointment was invalid and defendant BAC was not the lender or

holder of the note), the foreclosure of the subject property was wrongful, absolutely void, and not

lawful.  Id. ¶¶ 25, 44.  Additionally, plaintiffs allege that the trustee foreclosure sale and filing of the

trustee deed was a nonjudicial action to effect dispossession or disablement of the property when

---

[2]Plaintiffs appear to reference Mo. Rev. Stat. §§ 400.3-309, 400.3-418(d), not a section of the note.

[3]Plaintiffs note that the lack of authority to make such an appointment is demonstrated by the MERS assignment being dated more than seven months after the successor trustee appointment.

there was no present right to possession of the property by either defendant BAC or defendant Kozeny. Id. ¶ 46.

Plaintiffs allege that based on the trustee's sale and deed, defendants Fannie Mae and BAC are both claiming an interest in the property. Id. ¶¶ 27-28. Plaintiffs allege that, because defendants Fannie Mae and BAC have no right or claim to the property, plaintiffs' rights and interest in the property supersede that of defendants Fannie Mae and BAC. Id. ¶ 29.

Plaintiffs allege that defendant BAC is a loan "servicer" and has no right or interest in the note, or the proceeds from payment thereof. Id. ¶ 31. Plaintiffs also allege that defendants BAC and Kozeny are "debt collectors" as that term is defined in 15 U.S.C. § 1692a(6)(F). Id. ¶ 32. Additionally, plaintiffs allege that defendant BAC did not obtain the note prior to the time the debt was in default. Id. ¶ 33. Plaintiffs allege that the Kozeny Letters contained false representations. Id. ¶ 42. Plaintiffs further allege that the representations contained in the Kozeny Letters mailed to plaintiffs by defendant Kozeny were made for the purpose of attempting to collect a debt, misrepresented the character and legal status of the debt, represented or implied that nonpayment would result in the sale of the subject property, threatened to take legal action that could not legally be taken, and threatened to take nonjudicial action to effect disposition of the subject property when there was no present right to possession of the subject property. Id. ¶ 43.

Plaintiffs allege that defendants, acting as plaintiffs' "lender and/or loan servicer, and agents thereof," had a duty to exercise reasonable care and skill to maintain proper and accurate records with regard to plaintiffs' loan, including maintenance, accounting, and servicing of loan records. Id. ¶ 51. Plaintiffs allege that defendants breached their duty in the servicing of plaintiffs' loan by preparing and filing false documents and foreclosing on the subject property without having either

the legal authority or the proper documentation to do so, and as a direct and proximate result plaintiffs have suffered severe emotional distress, injury to their character and good will in the community, damage to their credit scores, and a loss of their ability to seek or qualify for credit in the future. Id. ¶¶ 52-53.

Plaintiffs allege that representations made by defendants during the course of foreclosing on plaintiffs' property, including those contained in the numerous notices of trustee sale and other communications, were false, defendants had knowledge of these misrepresentations, defendants made these misrepresentations with the intent to induce plaintiffs' reliance, and, in reliance on these misrepresentations, plaintiffs obtained an attorney to stop the foreclosure. Id. ¶¶ 55-58.

Plaintiffs allege that, on August 10 and 16, 2010, counsel for plaintiffs "sent certain communications to [d]efendants, putting them on notice that they lacked standing to foreclose, and lacked an interest in foreclosing on plaintiffs' property." Id. ¶ 62. Plaintiffs allege that, despite being made aware of their lack of standing and legal interest in the property, defendant Kozeny conducted the trustee sale. Id. ¶ 64. Further, plaintiffs allege that on August 17, 2010, defendant BAC had a letter delivered to plaintiffs which indicated that plaintiffs' loan was in default but that they had options to avoid foreclosure of the subject property, such as a repayment plan or loan modification. Id. ¶ 65. Plaintiffs allege that they attempted to call and discuss these options with defendant BAC, but that they were told by defendant BAC that they had no options and the trustee sale would proceed. Id. ¶¶ 66-69. Plaintiffs allege that defendant BAC told them to prepare household items and other belongings, as they would be evicted from the property 14 days from the date of the sale. Id. ¶ 70. Plaintiffs allege that this conduct was willful, wanton, and malicious. Id. ¶ 71.

Plaintiffs seek an order setting aside the foreclosure and the sale of the trustee's deed, as well as an order that determines the estate, title, and interest of the parties in the property. Further, plaintiffs seek actual damages, $1,000.00 for each alleged violation of the FDCPA, attorney's fees, punitive damages in the amount of $500,000.00, and additional relief as the Court deems proper. Id. ¶¶ 25, 29, 49, 53, 59, 72.

*Deed of Trust, Assignment of Deed of Trust, and Appointment of Successor Trustee*

Attached to plaintiffs' petition is the deed of trust, which is dated March 31, 2006, names Countrywide Home Loans, Inc. as the lender, and names M, L&L Foreclosure Services, Inc. as the trustee. Doc. #5-1, p. 2. The deed of trust also states that MERS "is the beneficiary under this Security Instrument." Id. According to the deed of trust,

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS.... Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

Id. at 3-4. The deed of trust also states that, "Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder by an instrument recorded in the county in which this Security Instrument is recorded. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law." Id. at 14.

Another document attached to the petition is a document dated December 30, 2009, and entitled "Appointment of Successor Trustee," which states that defendant BAC "as Trustee is the

8

lawful holder of the promissory note...secured by the deed of trust granted by" plaintiffs to MERS "solely as nominee for Countrywide Home Loans, Inc." Doc. #5-3, p. 2. This document, signed by Morgan as attorney in fact of defendant BAC, purports to "remove[] the Original Trustee and any other duly appointed Successor Trustee...and hereby appoints [defendant Kozeny]...as Successor Trustee...." Id. This successor trustee appointment was filed with the Franklin County Recorder of Deeds on December 31, 2009.

Also attached to the petition is a document dated July 23, 2010, and entitled "Assignment of Deed of Trust," in which MERS, solely as nominee for Countrywide Home Loans, Inc. and "on behalf of and with authority of" Countrywide Home Loans, Inc. "assigns and transfers to" defendant BAC "all its right, title and interest in and to a certain Mortgage executed by" plaintiffs. Doc. #5-2, p. 2. This deed of trust assignment was filed with the Franklin County Recorder of Deeds on August 6, 2010. Id. at 1.

## III.    Discussion

As an initial matter, defendants BAC and Fannie Mae state in support of their motion that any argument that the MERS assignment is invalid must fail. Defendants argue that, pursuant to the language of the deed of trust and applicable law, MERS had the authority to assign both the deed of trust and the note. Further, because MERS became an agent for each subsequent note holder pursuant to the deed of trust, defendant BAC (through its agent MERS) held both the note and the right to foreclose on the deed of trust at the time of the foreclosure. Defendants argue that each of plaintiffs' claims should therefore be dismissed for failure to state a claim.

Plaintiffs do not respond to defendants' motion to dismiss by providing citation to Missouri law that refutes defendant BAC's arguments regarding the validity of the MERS assignment or the

existence of defendants' authority to foreclose on the subject property. Rather, plaintiffs merely refer the Court back to allegations[4] contained in their petition and argue that these allegations must be assumed to be true for purposes of the pending motion to dismiss. Plaintiffs maintain that defendants' arguments are irrelevant and, pursuant to averments contained in the petition, they sufficiently allege that defendant BAC had no right to foreclose on the subject property or to order a trustee's sale pursuant to Mo. Rev. Stat. § 443.410.[5]

In this case, the assignment of the deed of trust states that MERS is making the assignment "on behalf of and with authority of Countrywide Home Loans, Inc," the original lender. The deed of trust grants MERS, as "nominee" serving as legal title holder to the beneficial interest under the deed of trust, the right to exercise any or all of the lender's interests. This language contained in the deed of trust is more than sufficient "to create an agency relationship between MERS and the [original lender] and its successors in Missouri." In re Tucker, 441 B.R. 638, 645 (Bankr. W.D. Mo. 2010). The deed of trust designates MERS as the nominee and authorizes MERS to take any action to enforce the loan, including the right to foreclose and sell the property. See id. (finding, under Missouri law, deed of trust that stated MERS holds legal title in its capacity "as nominee for the Lender and the Lender's successors and assigns" and granted MERS broad rights "to exercise any or all" of the interests granted by the borrower under the deed of trust, "including but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender" clearly

---

[4]That defendant BAC is not the original lender, the holder of the note, a nonholder in possession of the note who has the rights of a holder, or a person in possession of the note who is entitled to enforce it pursuant to Missouri law.

[5]"Deeds of trust in the nature of mortgages of land may...be...foreclosed by trustee's sale at the option of the holder of the debt or obligation thereby secured and the mortgaged property sold by the trustee or his successor in the same manner and in all respects as in case of mortgages with power of sale...."

authorized MERS to act on behalf of the lender in serving as the legal title holder to the beneficial interest under the deed of trust and exercising any of the rights granted to the lender thereunder); cf. Mortg. Elec. Registration Sys., Inc. v. Bellistri, No. 4:09-CV-731 CAS, 2010 WL 2720802, at *14 (E.D. Mo. July 1, 2010) (finding, under Missouri law, similar language in a deed of trust gave MERS "a legal right to file suit to foreclose the mortgage" and "the right to enforce the lien on the property via a power of sale in the trustee"). As nominee of the original lender and the original lender's successors and assigns, "MERS has bare legal title to the note and the deed of trust securing it...." Mortg. Elec. Registration Sys., 2010 WL 2720802, at *15.

As noted above, plaintiffs fail to respond in any meaningful way to defendants' arguments regarding the validity of the MERS assignment. In light of the documents attached to the petition and defendants' unchallenged arguments regarding the legal effect of these documents, the Court is persuaded that plaintiffs do not plausibly assert that the MERS assignment was invalid. Accordingly, the Court rejects that assertion.

The Court finds that plaintiffs' allegations regarding defendant BAC's interest in the subject property (that defendant BAC is not the original lender, the holder of the note, a nonholder in possession of the note who has the rights of a holder, or a person in possession of the note who is entitled to enforce it pursuant to Missouri law) are unsupported legal conclusions or naked assertions devoid of factual enhancement not properly accepted as true when considering these motions to dismiss. See In re Box, No. 10-20086, 2010 WL 2228289, at *3 (Bankr. W.D. Mo. June 3, 2010) (finding the converse statement, that a party is the "holder of the Promissory Note and Deed of Trust," is a legal conclusion, not a fact (citing In re Wilhelm, 407 B.R. 392, 402 (Bankr. D. Idaho 2009) (noting that "holder" is a defined term when dealing with negotiable instruments)). Similarly,

the Court finds that plaintiffs do not sufficiently allege that defendant BAC had no authority to appoint a successor trustee or that defendants were not entitled to foreclose on the subject property. Accordingly, the Court will not accept as true these allegations when analyzing defendants' motion.

### A.    Fair Debt Collection Practices Act Brought Against Defendant BAC

Defendant BAC argues that plaintiffs cannot sustain an action for violations of the FDCPA because, in only referencing correspondence from defendant Kozeny, they fail to plead any facts that would demonstrate that defendant BAC took any actions that were false, deceptive, misleading, unfair, or unconscionable. Defendant BAC also argues that the communications plaintiffs reference do not contain the representations plaintiffs allege. Additionally, defendant BAC argues that plaintiffs fail to state a claim under the FDCPA because plaintiffs do not show that the representations that plaintiffs' loan was in default and the resulting possible consequences were false, deceptive, misleading, unfair, or unconscionable. Plaintiffs oppose defendant BAC's motion, arguing that they allege that defendant BAC, through defendant Kozeny, contacted plaintiffs. Plaintiffs also argue that the allegations contained in their petition must be accepted as true and that those allegations establish that defendant BAC did not have an interest in the note, had no authority to appoint a successor trustee, and defendants were not entitled to foreclose on the subject property. Plaintiffs argue that they therefore sufficiently state a cause of action under the FDCPA.

The FDCPA "is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1246 (8th Cir. 2006) (citing 15 U.S.C. § 1692(e); Peters v. Gen. Serv. Bureau, Inc., 277 F.3d 1051, 1054 (8th Cir. 2002)). Under the FDCPA, debt collectors cannot use false, deceptive, misleading, unfair, or unconscionable means to collect or attempt to collect a debt.

Peters, 277 F.3d at 1054 (8th Cir. 2002) (citing 15 U.S.C. §§ 1692e, 1692f). The FDCPA prohibits, among other things, the false representation of the character, amount, or legal status of any debt; the representation that nonpayment of any debt will result in the sale of any property unless such action is lawful and the debt collector intends to take such action; the threat to take any action that cannot legally be taken; or taking or threatening to take any nonjudicial action to effect dispossession of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest. 15 U.S.C. §§ 1692e, 1692f.

In this case, plaintiffs' FDCPA claim is founded on the allegations that defendant BAC did not have an interest in the subject property or authority to appoint a successor trustee, and therefore defendants were not entitled to foreclose on the subject property. However, the Court above finds that these allegations should not be accepted as true. Therefore, plaintiffs' petition does not allege sufficient factual support that suggests that the information included in the any of defendants' communications were false, deceptive, misleading, unfair, or unconscionable. Accordingly, the Court will grant defendant BAC's motion to dismiss plaintiffs' claim brought pursuant to the FDCPA for failure to state a claim.

### B.      Supplemental State-Law Claims

The instant action was removed to this Court pursuant to 28 U.S.C. § 1441(b) because a federal question under the FDCPA is present in the petition. Although the Court finds that this federal claim should be dismissed, "[r]etention of supplemental jurisdiction over a supplemental state claim is appropriate, even after dismissal of the jurisdiction-conferring claim, if it is absolutely clear how the supplemental claim should be decided." 16 James Wm. Moore et al., Moore's Federal Practice ¶ 106.66[3][b] (3d ed. 2010). "If the federal court, in deciding a jurisdiction-conferring

claim, decides a factual issue dispositive of a supplemental claim, there is no reason to leave the matter for resolution in the state court. Also, retention of a state-law claim is appropriate if the correct disposition of the claim is so clear as a matter of state law that it can be determined without further trial proceedings and without entanglement with any difficult issues of state law. The same is true if the state-law claims are patently frivolous or plainly lack merit." Id. (citing Ivy v. Kimbrough, 115 F.3d 550, 552-53 (8th Cir. 1997) (district court did not err in dismissing pendent claims with prejudice because federal and state claims relied on same core facts)).

Here, the disposition of the state-law claims is absolutely clear. These claims fail for the same reasons plaintiffs' federal claim fails. Specifically, plaintiffs' state-law claims rely on the unsupported legal conclusion and assertion that defendant BAC did not have an interest in the subject property or authority to appoint a successor trustee. The Court has already determined that these allegations should not be accepted as true for purposes of ruling on the motion to dismiss. Exercising its discretion, the Court will retain supplemental jurisdiction over the state law claims and dismiss these claims as follows. See id.; see also 28 U.S.C. § 1367(c)(3).

(1)     Wrongful Foreclosure Brought Against Defendant BAC

Defendant BAC argues that plaintiffs cannot sustain a cause of action in tort or in equity based on wrongful foreclosure because defendant BAC had a right to foreclose on the subject property at the time of the foreclosure. Further, defendant BAC argues that plaintiffs cannot maintain a cause of action in tort based on wrongful foreclosure because plaintiffs do not allege that they were not in default. Plaintiffs oppose the motion. Plaintiffs state that under Missouri law only the holder of the debt or obligation may order a trustee to foreclose on a deed of trust. Plaintiffs further state that they allege defendant BAC was not the holder of the note and that any successor

trustee appointment executed by Morgan was void. Plaintiffs argue that, because the Court should accept these allegations as true, they sufficiently allege that defendants had no standing to foreclosure on or order a trustee's sale of the subject property. Plaintiffs argue that, as a consequence, the foreclosure was wrongful.

Under Missouri law, the term "wrongful foreclosure" has been used both in suits in equity as a basis for setting aside a foreclosure sale and in suits at law as a basis for recovering tort damages. <u>Fields v. Millsap & Singer, P.C.</u>, 295 S.W.3d 567, 571 (Mo. App. 2009). "What constitutes a 'wrongful foreclosure' sufficient to set aside a sale and what constitutes a 'wrongful foreclosure' sufficient to recover damages in tort are not the same." <u>Id.</u> at 571-72 (quotation omitted). Although plaintiffs <u>specifically</u> seek only to set aside the trustee's sale in Count I of their petition, they also include a general prayer for "additional relief as this Court deems just and proper." Doc. #5, ¶ 25. Further, they argue in their brief in opposition to defendants BAC and Fannie Mae's motion to dismiss that they state causes of action for both damages and equitable relief. Doc. #16, p. 3. Accordingly, the Court will examine plaintiffs' wrongful foreclosure claim under both actions available under Missouri law. <u>See</u> <u>Siesta Manor, Inc. v. Cmty. Fed. Sav. & Loan Ass'n</u>, 716 S.W.2d 835, 839 (Mo. App. 1986) ("By including a prayer for general relief in its petition, [the plaintiff] cannot now deny seeking legal relief if that is what the court deemed appropriate.").

(a)     <i>Tort Action for Wrongful Foreclosure</i>

A tort action for damages for wrongful foreclosure "lies against a mortgagee only when the mortgagee had no right to foreclose at the time foreclosure proceedings were commenced." <u>Fields</u>, 295 S.W.3d at 571 (quotation omitted). "A plaintiff seeking damages in a wrongful foreclosure

action must plead and prove that when the foreclosure proceeding was begun, there was no default on its part that would give rise to a right to foreclose." Id. (quotation omitted). In this case, plaintiffs do not allege in their petition that their mortgage was not in default when the foreclosure proceeding began.[6] Accordingly, plaintiffs fail to state a claim for a tort action for damages for wrongful disclosure. See Dobson v. Mortg. Elec. Registration Sys., Inc., 259 S.W.3d 19, 22-23 (Mo. App. 2008) (finding that the plaintiff's claim to recover damages for wrongful foreclosure failed because the "plaintiff has not shown that it was not in default").

(b)  *Action in Equity for Wrongful Foreclosure*

If a mortgagee had the right to foreclose, but the sale was otherwise void or voidable, then the remedy is a suit in equity to set the sale aside. Nevertheless, "[a] mortgagee's act of commencing a foreclosure cannot be wrongful when there is a clear right to foreclose." Peterson v. Kansas City Life Ins. Co., 98 S.W.2d 770, 773 (Mo. 1936) (citation omitted). "'A mortgagor [] can invoke the aid of equity to set aside a foreclosure sale only if fraud, unfair dealing or mistake was involved in the trustee's sale.'" Ice v. IB Property Holdings, LLC, No. 09-3232-CV-S GAF, 2010 WL 1936175, at *3 (W.D. Mo. May 13, 2010) (quoting Am. First Fed., Inc. v. Battlefield Ctr., L.P., 282 S.W.3d 1, 8-9 (Mo. App. 2009)).

As noted above, the Court does not accept as true the allegations that defendant BAC did not have an interest in the subject property, defendant BAC did not have authority to appoint a successor trustee, and defendants were not entitled to foreclose on the subject property. Plaintiffs also fail to allege that they were not in default. Accordingly, the Court finds that plaintiffs do not allege

---

[6]Rather, plaintiffs allege that defendant BAC "did not obtain the [n]ote prior to the time the debt was in default," which appears the be an admission that the debt was, in fact, in default. Doc. #5, ¶ 33.

sufficient factual support for the contention that the foreclosure sale was improper, and therefore fail to allege sufficiently fraud, unfair dealing, or mistake was involved in the trustee's sale. Plaintiffs fail to state a claim for an action in equity for wrongful foreclosure. Therefore, the Court will dismiss plaintiffs' wrongful foreclosure claim.

(2)    <u>Quiet Title Brought Against Defendants BAC and Fannie Mae</u>

Defendants BAC and Fannie Mae state that a motion to dismiss for failure to state a claim is properly granted in a quiet title action if a plaintiff fails to show he has superior title to the property at issue. Defendants BAC and Fannie Mae argue that they have demonstrated that plaintiffs were in default and that defendant BAC had a contractual right to foreclose on the subject property. Further, defendants BAC and Fannie Mae state that defendant Fannie Mae purchased the subject property at the trustee's sale. Defendants BAC and Fannie Mae argue that plaintiffs therefore cannot show they have title superior to defendant Fannie Mae. Plaintiffs oppose the motion, arguing that the allegation that defendant BAC had no interest in the property (because defendant BAC was not the original lender or holder of the note) should be assumed true, and therefore defendant BAC could not have transferred title to defendant Fannie Mae. Plaintiffs argue that they therefore sufficiently allege title superior to both defendants BAC and Fannie Mae.

Under Missouri law, any person claiming title, estate, or interest in real property "may institute an action against any person or persons having or claiming to have any title, estate or interest in such property...." Mo. Rev. Stat. § 527.150(1). To state a cause of action to quiet title, a plaintiff must allege: (1) ownership in the described real estate; (2) that the defendant claims some title, estate or interest to or in said premises; and (3) said claim is adverse and prejudicial to plaintiff.

Howard v. Radmanesh, 586 S.W.2d 67, 67 (Mo. App. 1979) (citing Randall v. St. Albans Farms, Inc., 345 S.W.2d 220, 221 (Mo. 1961)).

As noted above, the Court does not accept as true the allegations that defendant BAC did not have an interest in the subject property, defendant BAC did not have authority to appoint a successor trustee, and defendants were not entitled to foreclose on the subject property. Plaintiffs also fail to allege that they were not in default. Accordingly, the Court finds that plaintiffs fail to allege sufficiently that they have superior title to the subject property, and therefore fail to state a claim to quiet title. See Dufrenne v. Citimortgage, Inc., No. 4:09-CV-1524 HEA, 2009 WL 5103275, at *3 (E.D. Mo. Dec. 17, 2009) ("Plaintiffs' claims to quiet title...fail to state a claim for relief as they have failed to plead any facts showing they, in fact, have a superior title to the property at issue."). Therefore, the Court will dismiss plaintiffs' quiet title claim.

(3)     Negligence Brought Against Defendant BAC

With regard to plaintiffs' negligence cause of action, defendant BAC states that the relationship between a lender and a borrower is one of contractual obligation, not one of duty. Defendant BAC argues that it therefore owed no duty to plaintiffs that would support a negligence action. Further, defendant BAC argues that authority to foreclose on the subject property existed, and therefore no breach of duty occurred. Plaintiffs agree that "the relationship between a lender and a borrower [is] one of contractual obligation, not one of duty." Doc. #16, p. 6. Nevertheless, plaintiffs oppose defendant BAC's motion, arguing that, because the petition clearly alleges that defendant BAC was a loan servicer and not the holder of the note, no lender-borrower relationship between the parties is alleged to exist. Plaintiffs argue that the petition satisfies the pleading requirements for a negligence cause of action, and state the motions to dismiss should be denied.

To state a claim for negligence under Missouri law, a plaintiff must plead facts that support each of the following elements: (1) the defendant had a duty to protect the plaintiff from injury; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injury. Whipple v. Allen, 324 S.W.3d 447, 451 (Mo. App. 2010) (citation omitted). "[A] mere breach of contract does not provide a basis for tort liability...." Bus. Men's Assur. Co. of Am. v. Graham, 891 S.W.2d 438, 453 (Mo. App. 1994) (citing Am. Mortg. Inv. Co. v. Hardin-Stockton, 671 S.W.2d 283, 293 (Mo. App. 1984)). Nevertheless, "the negligent act or omission which breaches the contract may serve as the basis for an action in tort." Id.; see also Preferred Physicians Mut. Mgmt. Group v. Preferred Physicians Mutual Risk Retention, 918 S.W.2d 805, 813 (Mo. App. 1996) ("Missouri law recognizes that a tort may be committed in the nonobservance of contract duties and that a negligent failure to perform a contractual undertaking may result in tort liability.").

> If the duty arises solely from the contract, the action is contractual. The action may be in tort, however, if the party sues for breach of a duty recognized by the law as arising from the relationship or status the parties have created by their agreement.

Graham, 891 S.W.2d at 453; see also Preferred Physicians, 918 S.W.2d at 814 ("[A] mere failure to complete the undertaking required by contract would not give rise to a cause of action in tort; the remedy for such failure to act would lie in contract. The courts in Missouri have never recognized a mere breach of contract as providing a basis for tort liability."). As an example, the court in Graham noted that failure of a real estate broker to perform his contractual and fiduciary duties would support an action either for breach of contract or for negligence. Under Missouri law, the relationship between a lender and a borrower is one of contractual obligation, not one of duty. Wood & Huston Bank v. Malan, 815 S.W.2d 454, 458 (Mo. App. 1991) (noting that "the

relationship between a bank and its depositor involves a contractual relationship between a debtor and a creditor") (citing <u>Matter of Estate of Parker</u>, 536 S.W.2d 25, 29 (Mo. 1976) (en banc)).

As noted above, the Court does not accept as true the allegations that defendant BAC did not have an interest in the subject property, defendant BAC did not have authority to appoint a successor trustee, and defendants were not entitled to foreclose on the subject property. Plaintiffs also fail to allege that they were not in default. Additionally, plaintiffs allege that defendants were "acting as Plaintiffs' <u>lender</u> and/or loan servicer, and agents thereof...." Doc. #5, ¶ 51 (emphasis added). Accordingly, the Court finds that plaintiffs fail to allege sufficient facts to support the contention that defendant BAC is not a lender. As both parties recognize that the relationship between a lender and a borrower is one of contractual obligation, not one of duty, plaintiffs fail to allege sufficiently the first element of a negligence claim.

Furthermore, even if plaintiffs have sufficiently alleged the existence of a relationship that created a duty owed to them by defendants, the negligence claim fails because plaintiffs do not state sufficient factual support for the allegation that defendant BAC prepared false documents or lacked legal authority to foreclose on the subject property. Therefore, plaintiffs fail to allege the second element of a negligence claim. Plaintiffs' negligence claim will be dismissed for failure to state a claim.

(4)     <u>Fraud Brought Against Defendant BAC</u>

Defendant BAC argues that plaintiffs fail to state a claim for fraud against it because plaintiffs cannot show that defendant BAC made any false representations. Plaintiffs oppose defendant BAC's motions to dismiss, arguing that their allegations should be assumed true and that all of the elements of a fraud claim are sufficiently pled in the petition.

Under Missouri law, the elements of a claim of fraud are:

> (1) a false, material representation; (2) the speaker's knowledge of the falsity or his ignorance of the truth; (3) the speaker's intent that the hearer act upon the representation in a manner reasonably contemplated; (4) the hearer's ignorance of the representation; (5) the hearer's reliance on the truth of the representation; (6) the hearer's right to rely thereon; and (7) the hearer's consequent and proximately caused injury.

Kempton v. Dugan, 224 S.W.3d 83, 87 (Mo. App. 2007) (citation omitted). A misrepresentation "may be made by conduct calculated to mislead and fraudulently obtain an undue advantage." Reis v. Peabody Coal Co., 997 S.W.2d 49, 64 (Mo. App. 1999) (citing Haberstick v. Gordon A. Gundaker Real Estate Co., 921 S.W.2d 104, 109 (Mo. App. 1996)). "[O]ne who participates in a fraud is of course guilty of fraud, and one who, with knowledge of the facts, assists another in the perpetration of a fraud is equally guilty." Id. at 73 (citing Hobbs v. Boatright, 93 S.W. 934, 939-40 (Mo. 1906)).

In this case, it is questionable whether plaintiffs' allegations based on "information and belief" satisfy the particularity requirements of Rule 9(b). Dronbnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir. 2009) ("Allegations pleaded on information and belief usually do not meet Rule 9(b)'s particularity requirement." (citation omitted)). Further, as noted above, the Court does not accept as true the allegations that defendant BAC did not have an interest in the subject property, defendant BAC did not have authority to appoint a successor trustee, and defendants were not entitled to foreclose on the subject property. Plaintiffs' also fail to allege that they were not in default. Plaintiffs allege that defendants falsely represented that defendant BAC was the holder of the note, nonpayment of the debt would result in a trustee foreclosure sale of plaintiffs' property, defendant Kozeny was foreclosing on the note, which would result in the sale of plaintiffs' property, and plaintiffs owed attorney's fees, collection costs, and other charges to defendant Kozeny. However, plaintiffs fail to allege sufficient factual support for the first element of a claim of fraud,

that any of these representations were, in fact, false. Therefore, the Court will dismiss plaintiffs' claim of fraud for failure to state a claim.

(5)    Willful, Wanton, and Malicious Conduct Brought Against Defendant BAC

Defendant BAC argues that plaintiffs improperly assert a claim for willful, wanton, and malicious conduct to obtain punitive damages. Defendant BAC argues that, because punitive damages cannot be the basis for a separate cause of action, plaintiffs fail to state a claim. Further, defendant BAC argues that plaintiffs have not alleged any facts that would entitle them to relief based on willful, wanton, and malicious conduct. Plaintiffs fail to oppose defendant BAC's arguments.

The Court agrees with defendant BAC that, because plaintiffs have not pled any viable causes of action, the claim for punitive damages must also fail. See Misischia v. St. John's Mercy Med. Ctr., 30 S.W.3d 848, 866 (Mo. App. 2000) ("A punitive damage claim is not a separate cause of action, it must be brought in conjunction with a claim for actual damages." (quotation omitted)). Further, for the reasons that Counts I-V fail to state a claim, the Court agrees that plaintiffs have not alleged any facts that would entitle them to relief based on willful, wanton, and malicious conduct. Accordingly, the Court will grant defendants' motion to dismiss plaintiffs' punitive damages claim.

C.    **Plaintiffs' Request for Leave to Amend**

At the end of plaintiffs' memorandum in opposition to defendants BAC and Fannie Mae's motion to dismiss, plaintiffs ask for leave to amend Count VI of their petition "against defendants, for Willful, Wanton and Malicious Conduct, as a matter of course."[7] Plaintiffs' "motion" is not

---

[7]The Court notes that plaintiffs' time for amending their pleading as a matter of course has passed. See Fed. R. Civ. P. 15(a)(1)(B).

accompanied by a memorandum in support of the relief requested as required by this district's local rules nor is it accompanied by the proposed amendment. The Court has no information from which it could find that plaintiffs' proposed amendment to Count VI would save this claim for "Willful, Wanton, and Malicious Conduct."

Although leave to amend is to be freely granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether to grant leave to amend. "'[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.'" In re 2007 Novastar Fin., Inc., Secs. Litig., 579 F.3d 878, 884 (8th Cir. 2009) (quoting Clayton v. White Hall Sch. Dist., 778 F.2d 457, 460 (8th Cir. 1985)). Plaintiffs have not submitted the proposed amendment or proffered the substance of such an amendment. They merely include a request to amend at the end of their response to defendants' motion to dismiss. For this reason, the Court will deny plaintiffs' request to amend the complaint. Additionally, plaintiffs have not shown, and the Court cannot find, that any amendment to Count VI would remedy any of the aforementioned deficiencies of plaintiffs' complaint. The Court finds that any amendment to Count VI would be futile and plaintiffs' petition should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that defendants BAC Home Loans Servicing, LP and Federal National Mortgage Association d/b/a Fannie Mae's motion to dismiss is **GRANTED**. [Doc. 12]

An Order of Dismissal will accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th   day of April, 2011.